

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-17-00411-CR**
**NO. 02-17-00412-CR**

ANTHONY ANDERSON                                                            APPELLANT

V.

THE STATE OF TEXAS                                                                STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1465691D, 1468433D

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Anthony Anderson of robbery causing bodily injury and attempted sexual assault and assessed his punishment at sixty years' confinement and a $10,000 fine for the robbery and at twenty years' confinement and a $10,000 fine for the attempted sexual assault. *See* Tex. Penal Code Ann.

---

[1]*See* Tex. R. App. P. 47.4.

§ 22.011(a)(1) (West Supp. 2017), § 29.02 (West 2011). The trial court sentenced him accordingly and ordered the sentences to run concurrently.

Anderson's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). In compliance with *Kelly v. State*, counsel notified Anderson of the motion to withdraw, provided him a copy of the *Anders* brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, took concrete measures to facilitate Anderson's review of the appellate record, and supplied Anderson with the mailing address for our court and the court of criminal appeals. 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Although Anderson was given an opportunity to file a pro se response to the *Anders* brief, he has not done so, nor has the State filed a brief in response to the *Anders* brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court must independently examine the record to see if any arguable ground may be raised on the appellant's behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the briefs and any pro se response.

2

*See Schulman*, 252 S.W.3d at 408–09. Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant his motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. We agree with counsel that this appeal is wholly frivolous and without merit, and we find nothing in the record that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006) (allowing unpublished memorandum opinion in the context of an appeal for which appellate counsel has filed an *Anders* brief and the court of appeals has agreed that the appeal is in fact wholly frivolous).

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

PER CURIAM


DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 26, 2018